**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
MAY SESSION, 1997**

FILED

October 24, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | No. 01C01-9607-CC-00315 |
| Appellee | ) | |
| | ) | **BEDFORD COUNTY** |
| vs. | ) | |
| | ) | **Hon. William Charles Lee, Judge** |
| **ANTONIO D. MASON,** | ) | |
| | ) | **(Attempted First Degree Murder;** |
| Appellant | ) | **Attempted Aggravated Robbery;** |
| | ) | **Aggravated Assault)** |

For the Appellant:

**CURTIS H. GANN**
Assistant Public Defender
105 South Main
P. O. Box 1119
Fayetteville, TN  37334

(ON APPEAL)

**MICHAEL D. RANDLES**
Assistant Public Defender
117 S. Main, STE. 203
Shelbyville, TN  37160

(AT TRIAL)

**JOHN HARWELL DICKEY**
District Public Defender

For the Appellee:

**CHARLES W. BURSON**
Attorney General and Reporter

**JANIS L. TURNER**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**WILLIAM MICHAEL MCCOWN**
District Attorney General

**ROBERT CRIGLER**
Asst. District Attorney General
One Public Square, STE 100
Shelbyville, TN  37160

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

The appellant, Antonio D. Mason, appeals his jury convictions for attempted first degree murder, attempted aggravated robbery, and aggravated assault. The Bedford County Circuit Court imposed sentences of twenty-three years and six months for the attempted first degree murder conviction, six years for the attempted aggravated robbery conviction, and four years and six months for the aggravated assault conviction. The attempted aggravated robbery conviction was ordered to run consecutive to the attempted first degree murder conviction, resulting in a total effective sentence of twenty-nine years and six months. In this appeal, the appellant contends that the evidence presented at his jury trial was insufficient to support his conviction for attempted first degree murder. Second, the appellant asserts that the sentences imposed by the trial court were excessive.

After a careful review of the record, we affirm the trial court's judgment.

**Factual Background**

On the evening of March 7, 1995, the appellant and his brother entered Smith's Food Town, a grocery store located in Shelbyville. They purchased a bag of potato chips and left the store. Mildred Smith, the owner of the store, asked a customer to remain in the store until the two left. After the customer left, the appellant returned to the store. He brandished a gun and held it to Ms. Smith's head. The appellant stated, "This is a robbery. This is a robbery. I'm going to kill you. I'm going to kill you. Give me your money. Give me your money." The victim, at this point, attempted to wrestle away from the appellant. Hearing a disturbance at the front of the store, part-time employee, Morris Dean Arnold, emerged from the back where she had been working. The appellant saw

Ms. Arnold and immediately announced that he was going to kill her, too. He repeated that, if Ms. Smith did not give him the money, he would kill Ms. Arnold. At this time, Ms. Smith sprayed the appellant with mace. According to Ms. Arnold, the appellant then turned and ran to the door. Within moments, he turned back toward them and said, "I'm going to kill you." He then aimed the gun at Ms. Smith, fired, and ran from the store. The bullet grazed the left side of Ms. Smith's head and lodged in the light fixture over the register. Officer Stacey of the Shelbyville Police Department arrived at the scene shortly thereafter. He found the two women inside the store. Ms. Smith's head was bleeding. She was treated at Bedford County Hospital for a laceration caused by the bullet. After a two day search, the police arrested the appellant and his brother. During questioning at the police station, the appellant admitted that he held a gun to Ms. Smith's head and threatened to kill her. Despite these admissions, he stated that he had no intent to kill his victim and that the gun went off accidentally when he was trying to rub the mace from his eyes. He further explained that the robbery was a "spur of the moment" happening and that he needed "some money to buy dope."

Based upon this evidence, the jury returned guilty verdicts on the charges of attempt to commit first degree murder, criminal attempt to commit aggravated robbery, and aggravated assault.

**Analysis**

**I.      Sufficiency of the Evidence**

When reviewing a trial court's judgment, the appellate court will not disturb a verdict of guilt unless the facts of the record and inferences which may be drawn from it are insufficient as a matter of law for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Tenn.R.App.P. 13(e); State v.

Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). In other words, this court will not reevaluate or reweigh the evidence brought out at trial. It is presumed that the judge or jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542,547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978); State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Since a verdict of guilt removes the presumption of a defendant's innocence and replaces it with a presumption of guilt, the defendant has the burden of proof on the sufficiency of the evidence at the appellate level. Grace, 493 S.W.2d at 476.

The appellant argues that the evidence is insufficient as a matter of law to support his conviction for criminal attempt to commit first degree murder. He admits that, while he entered the store to rob, he had no intent to kill anyone.

Before a defendant can be convicted of an attempt to commit first degree murder, the proof must establish that the defendant:

> [Acted] with the intent to complete a course of action or cause a result that would constitute the offense [first degree murder] under the circumstances surrounding the conduct as the person believes them to be and the conduct constitutes a substantial step toward the commission of the offense.

Tenn. Code Ann. § 39-12-101(3). Whether the appellant "intended" to kill is a question of fact for the jury. The appellant's "intent" may be inferred from surrounding circumstances, including his conduct. The proof established that the appellant placed a gun to the head of his victim and repeatedly told her that he was going to kill her. After being sprayed with mace, he aimed the gun and fired, the bullet grazing the side of the victim's head. Clearly, from these facts a jury could rationally infer that the appellant was carrying out his announced intent to kill the victim. We find the evidence sufficient to establish his guilt of attempt to commit first degree murder beyond a reasonable doubt. This issue is without merit.

4

## II.      Sentencing

The appellant next contends that the trial court imposed excessive sentences for his three convictions.  Review, by this court, of the length, range, or manner of service of a sentence is *de novo* with a presumption that the determination made by the trial court is correct.  Tenn. Code Ann. § 40-35-401(d)(1990).  This presumption only applies, however, if the record demonstrates that the trial court properly considered relevant sentencing principles.  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  In making our review, this court must consider the evidence heard at trial and at sentencing, the presentence report, the arguments of counsel, the nature and characteristics of the offense, any mitigating and enhancement factors, the appellant's statements, and the appellant's potential for rehabilitation.  Tenn. Code Ann. §§ 40-35-102,-1-3(5),-210(b) (1990); see also State v. Byrd, 861 S.W.2d 377, 379 (Tenn. Crim. App. 1993) (citing Ashby, 923 S.W.2d at 168).  The burden is on the appellant to show that the sentence imposed was improper.   Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401(d).

The trial court applied two enhancement factors to the appellant's sentence for attempted first degree murder; five enhancement factors to his sentence for attempted aggravated robbery; and three enhancement factors to his sentence for aggravated assault.  The trial court found no mitigating factors.

### A.      Mitigating Factors

The appellant contends that the trial court erred in failing to consider two relevant mitigating factors when sentencing him on all three convictions.  First, he claims that, because he was merely eighteen at the time he committed the offenses, he lacked substantial judgment while committing the offense.  Tenn. Code Ann. § 40-35-113(6) (1990).  However, the trial court declined to consider

this mitigator due to the appellant's lengthy record as a juvenile offender, including delinquent adjudications for shoplifting, theft, and aggravated robbery. The application of this mitigating factor is not determined simply by the chronological age of the offender but, rather, upon the offender's "youth in context" of various pertinent circumstances tending to demonstrate his or her ability or inability to appreciate the nature of his or her conduct. State v. Adams, 864 S.W.2d 31, 33 (Tenn. 1993); See e.g., State v. Carter, No. 01C01-9312-CC-00447 (Tenn. Crim. App. at Nashville, Apr. 27, 1995), perm. to app. denied, (Tenn. Sept. 5, 1995). The appellant's first petition for adjudication as a delinquent occurred at the age of ten. His record reflects repeated juvenile adjudications culminating in his commitment to the Department of Youth Development until his nineteenth birthday. We agree with the trial court that the proof in the record does not support consideration of this mitigating factor.

Second, the appellant contends that, as a non-enumerated mitigating factor, he is entitled to consideration for "telling the truth." Tenn. Code Ann. § 40-35-113(13). The trial court rejected this factor, finding that the appellant did not testify truthfully at trial to the facts relating to the charge of attempted first degree murder. As noted by the trial court, "[Y]ou shouldn't look for some reward for telling the truth, . . . ." We agree and find that the proof before us does not preponderate against the trial court's rejection of this factor.

**B.    Enhancement Factors**

1. Enhancement Factors (1) and (4)

The trial court found that enhancement factors (1), previous criminal history, and (4), victim particularly vulnerable, applied to all three of the appellant's convictions. Tenn. Code Ann. § 40-35-114(1), - 114(4) (1995 Supp.). The appellant does not challenge application of factor (1), however, he does

6

contest the court's finding that the victims were vulnerable due to their age. The State contends that Ms. Smith, who was 65 years old at the time of the crimes, and Ms. Arnold, who would not give her age at trial but was old enough to be retired, were particularly vulnerable. The appellant argues, on the other hand, that age alone is not the dispositive factor. Our supreme court, in the recent case of State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997), reaffirmed the principle that more than mere proof of the victim's age is necessary to establish the victim's particular vulnerability. But see Poole 943 S.W.2d at 99, (Drowota J., dissenting).

> A person's age alone may have little or no bearing on size, strength or vitality. Thus, unless the State produces evidence of physical or mental limitations at the time of the offense, along with proof of the victim's age, it cannot be presumed that the victim was *particularly* vulnerable based solely on her age.

Id. at 98. Because the record is absent this proof, enhancement factor (4) is not applicable.

### 2. Enhancement Factor (7)

The trial court applied enhancement factor (7), the offense was committed to gratify the defendant's desire for pleasure or excitement, to the appellant's convictions for attempted aggravated robbery and aggravated assault. Tenn. Code Ann. § 40-35-114(7) (1995 Supp.). The court applied this factor based upon its finding that the appellant's attempt to rob the store and the assault of Ms. Arnold were committed for the purpose of purchasing marijuana, a non-physically addictive drug. Thus, the court reasoned that, because the marijuana was sought for recreational use, the crimes were solely for the appellant's desire for pleasure or excitement. This court, in State v. Poole, No. 02C01-9506-CC-00178 (Tenn. Crim. App. at Jackson, Jan. 31, 1996), aff'd by, 945 S.W.2d at 93, refused to apply this enhancement factor where the record revealed that "the motivation for the crime was to steal from the victim for the purpose of buying drugs. The State did not carry the burden of proving that the offense was done

7

to gratify the Defendant's desire for pleasure or excitement." Accordingly, in the instant case, we find that the State has not met its burden, therefore, factor (7) is found inapplicable.

### 3. Enhancement Factors (2) and (3)

The trial court applied enhancement factor (2), defendant was a leader in the offense, and (3), the offense involved more than one victim, to the appellant's conviction for criminal attempt to commit aggravated robbery. Tenn. Code Ann. § 40-35-114(2) and 114(3) (1995 Supp.). The appellant challenges the application of both enhancement factors. The proof supports the trial court's finding that the appellant's brother remained outside, acting as a lookout, while the appellant attempted to rob the store. In reference to enhancement factor (3), the trial court found that the attempted robbery also involved the victim, Ms. Arnold, for which no charges were brought, because "both Ms. Smith and Ms. Arnold were part and parcel" of the attempted robbery. From the proof introduced, we find application of both enhancing factors (2) and (3) appropriate. This issue is without merit.

### 4. Length of Sentences

In this case, the trial court applied various enhancing factors but found no mitigating factors. In determining the appropriate sentence for a felony conviction, Tenn. Code Ann. § 40-35-210(d)(1990) instructs the sentencing court that "[t]he presumptive sentence shall be the minimum sentence in the range . . . if there are enhancement and no mitigating factors, the court is free to increase the defendant's sentence within the standard range as the court deems appropriate after considering all the aspects of the case. In arriving at its sentencing decision, the trial court placed great weight on the appellant's lengthy juvenile criminal history which included a prior adjudication for a crime of violence involving use of a weapon. The court's decision to weigh a factor

8

heavily is proper given the discretion allowed a trial court when considering enhancing factors.  <u>State v. Boggs</u>, 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996).

_____Although we have found enhancing factor (4) inapplicable to all of the appellant's sentences and factor (7) inapplicable to his sentences for attempted aggravated robbery and aggravated assault, we find, upon *de novo* review, that the remaining enhancement factors are sufficient to justify the respective sentences imposed by the trial court.

_____The judgment of conviction for the offense of criminal attempt to commit first degree murder and the appellant's effective sentence of twenty-nine years and six months are affirmed.


_____
DAVID G. HAYES, Judge


CONCUR:


_____
PAUL G. SUMMERS, Judge


_____
JERRY L. SMITH, Judge